**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| CHIKA PERRY WONODI,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL BERNACKE, *et al.*,<br><br>Respondents. | **MEMORANDUM DECISION AND ORDER DENYING REQUEST FOR A TEMPORARY RESTRAINING ORDER OR OTHER EMERGENCY RELIEF**<br><br>Case No. 2:26-cv-556-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Petitioner-Plaintiff Chika Perry Wonodi, proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2241, *see* Dkt. No. 1, emergency habeas and injunctive relief, *see* Dkt. No. 4, and a temporary restraining order, *see* Dkt. No. 1-3. He also asserts claims under 42 U.S.C. § 1983. *See* Dkt. No. 1-1. The court denies Mr. Wonodi's request for a temporary restraining order or other emergency relief and orders Mr. Wonodi to show cause why this action should not be dismissed.

Mr. Wonodi is a nonimmigrant alien who appears to have been admitted into the United States on an F-1 student visa to study at the Lumos Language School in Orem, Utah. *See* Dkt. No. 1 at 7; Dkt. No. 1-3. On April 25, 2026, Mr. Wonodi was arrested by the Provo Police Department and charged with aggravated assault resulting in serious bodily injury, intentional or knowing child abuse, and disorderly conduct. *See* Dkt. No. 1-3 at 5–6. As a consequence, the Lumos Language School expelled Mr. Wonodi and cancelled his I-20 certificate of eligibility; the Government cancelled his student visa; and ICE lodged a detainer with the Utah County Jail,

where Mr. Wonodi is detained in connection with the state-court charges. *See* Dkt. No. 1 at 7; Dkt. No. 1-3.

Mr. Wonodi avers that he is otherwise eligible for bail but has been denied bail and kept in pretrial detention solely because of ICE's detainer. *See* Dkt. No. 1 at 7. He argues that the cancellation of his certificate of eligibility and student visa, the issuance of the detainer, and his continued detention violate his rights under the Eighth, Fourteenth, and Fifth Amendments to the United States Constitution. *See id.*; Dkt. No. 1-3.

"Preliminary injunctive relief—whether a temporary restraining order or a preliminary injunction—'is an extraordinary remedy never awarded as of right.'" *Schiermeyer ex rel. Blockchain Game Partners, Inc. v. Thurston*, 697 F. Supp. 3d 1265, 1269 (D. Utah 2023) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)); *see also Stuber v. Lucky's Auto Credit, LLC*, 478 F. Supp. 3d 1205, 1208 (D. Utah 2020). Such relief is "the exception rather than the rule" and will be granted only if "the movant's right to relief [is] clear and unequivocal." *Aposhian v. Barr*, 958 F.3d 969, 978 (10th Cir. 2020) (cleaned up). A party seeking such relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20.

"[E]ach of these elements is a prerequisite for obtaining" preliminary injunctive relief. *Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016). It follows that a "plaintiff's failure to prove any one of the four preliminary injunction factors renders its request for injunctive relief unwarranted." *Village of Logan v. United States Dep't of Interior*, 577 F. App'x 760, 766 (10th Cir. 2014) (unpublished). Here, Mr. Wonodi fails to

2

demonstrate a substantial likelihood of success on the merits of either his habeas petition or his claims under Section 1983.

As for his habeas petition, Mr. Wonodi fails to demonstrate that he is likely to succeed on the merits because he does not appear to be in the custody of two of the three respondents and because he has not exhausted his state-court remedies against the one respondent who does appear to be his legal custodian.

It is well settled that a writ of habeas corpus lies only against the petitioner's custodian. As the Supreme Court has explained, the writ "act[s]" "upon the person who holds [the petitioner] in what is alleged to be unlawful custody." *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 494–95 (1973). But Mr. Wonodi does not appear to be in the custody of either Michael Bernacke, who is allegedly an ICE agent involved in Mr. Wonodi's case, or Gilbert Gaertner, who is an official of the Lumos Language School. To the contrary, Mr. Wonodi avers that he is "currently being held on orders by … State authorities" and he requests that the court "order Sheriff Mike Smith to release [him] directly to family without transferring custody to ICE." Dkt. No. 1 at 2, 8. It thus appears that only Sheriff Mike Smith is his legal custodian.

The existence of a detainer lodged by ICE does not alter this conclusion. Such a detainer is merely a request that another law enforcement agency hold someone it has detained on other grounds for possible subsequent arrest by ICE. *See* 8 C.F.R. § 287.7(a). It is not binding on the other law enforcement agency and does not establish control of the confinement of the individual subject to the detainer. Presumably for these reasons, "[a]lmost all the circuit courts considering the issue have determined that the lodging of a detainer, without more, is insufficient to render the alien in custody." *Galaviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994); *see also Cabrera v. Trammell*, 488 F. App'x 294 (10th Cir. 2012).

In all events, the detainer that ICE has lodged with the County Jail appears to be lawful. Under the Immigration and Nationality Act, "[a]ny alien who was admitted as a nonimmigrant and who has failed to maintain the nonimmigrant status in which the alien was admitted . . . , or to comply with the conditions of any such status, is deportable." 8 U.S.C. § 1227(a)(1)(C)(i). For a student visa holder, such as Mr. Wonodi, one of these conditions is "pursuing a full course of study at [a certified] educational institution." 8 C.F.R. § 214.2(f)(5)(i). Because Mr. Wonodi has been expelled from the Lumos Language School, he is no longer in compliance with this condition. And as Mr. Gaertner explained in writing to Mr. Wonodi, the school expelled Mr. Wonodi and cancelled his certificate of eligibility at least in part because "[t]he police report was very serious and what happened was a direct violation of Lumos Policies." Dkt. No. 1-3 at 3. Given his expulsion and the cancellation of his certificate of eligibility, Mr. Wonodi appears to be out of status, deportable, and properly subject to an ICE detainer.

Sheriff Mike Smith does appear to be Mr. Wonodi's legal custodian and thus a potentially proper respondent. But "[a] habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). Mr. Wonodi has not demonstrated that he has done so here, and the court sees no reason why he could not have sought appellate review of his detention pending trial or a writ of habeas corpus from the state courts before bringing this federal action. *Cf. Arter v. Gentry*, 201 F. App'x 653 (10th Cir. 2006) (denying habeas relief in part because state habeas relief was not exhausted). Nor has Mr. Wonodi persuaded the court that he is likely to succeed in showing that the United States Constitution *requires* States to disregard the existence of valid detainers in deciding whether to release or detain defendants pending state-court trials on serious criminal charges.

4

Mr. Wonodi also fails to establish that he is likely to succeed on the merits of any of his claims under Section 1983. Among other things, "a § 1983 action will not lie when a state prisoner challenges the fact or duration of his confinement, and seeks either immediate release from prison or the shortening of his term of confinement." *Peterson v. Lampert*, 490 F. App'x 145, 147 (10th Cir. 2012) (cleaned up). Here, Mr. Wonodi's claims under Section 1983 appear to be wholly duplicative of his habeas petition. *See* Dkt. No. 1-1. He appears to challenge the fact or duration of his confinement and he clearly seeks immediate release. It follows that his claims are likely not cognizable under Section 1983.

For the foregoing reasons, Docket Number 1-3, Emergency Motion for Habeas Corpus, Student Status and I-20 Reinstatement and TRO, and Docket No. 4, Motion for An Emergency Writ of Habeas Corpus, I-20 Reinstatement, are **DENIED** to the extent Mr. Wonodi seeks a temporary restraining order or other emergency relief.

In addition, Mr. Wonodi shall **SHOW CAUSE** no later than July 27, 2026, why the court should not deny his petition for a writ of habeas corpus and dismiss his Section 1983 action for the reasons set forth in this memorandum decision and order.

**IT IS SO ORDERED.**

Dated this 2nd day of July, 2026.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge

5